STATE, BY E. I. MALONE, ITS COMMISSIONER
OF LABOR AND INDUSTRY v.
BURLINGTON NORTHERN, INC.

247 N. W. 2d 54.

November 5, 1976—No. 47037.

*Frank S. Farrell, Harold K. Bradford, Jr.,* and *Barry McGrath,* for appellant.

*Warren Spannaus,* Attorney General, *Richard B. Allyn,* Solicitor General, and *Steven M. Gunn* and *Eugene R. Gaetke,* Special Assistant Attorneys General, for respondent.

*Lindquist & Vennum, Edward M. Glennon, Jeffrey R. Schmidt,* and *J. Kevin Costley,* for Minnesota Railroads Assn., amicus curiae, seeking reversal.

*Robert L. Lowe,* for International Assn. of Machinists and Aerospace Workers, International Brotherhood of Electrical Workers, Sheetmetal Workers International Assn., International Brotherhood of Firemen and Oilers, and Brotherhood of Railway Carmen, amici curiae, seeking affirmance.

Considered and decided by the court en banc.

PER CURIAM.

Burlington Northern, Inc. (Burlington) appeals from an order granting a permanent injunction sought by the commissioner of labor and industry. In late 1975, the commissioner received several complaints regarding working conditions at Burlington's "Northern Diesel Facility," a repair and maintenance facility for diesel locomotives. The complaints alleged excessive exhaust fumes and an inadequate overhead walkway. On the basis of these complaints, investigators from the occupational safety and health division of the Minnesota Department of Labor and Industry attempted to inspect the Northern facility on December 22, 1975. Burlington refused to permit the inspection on the ground that the occupational safety and health division lacked jurisdiction over an interstate railroad. The commissioner brought this action for an injunction compelling Burlington to permit the inspection.

It is clear that Congress has the authority under the commerce clause of the Federal Constitution to regulate occupational safety and health in railroad support facilities. It is equally clear that in the absence of Federal regulation the state has authority over this area. Minn. St. 182.652 provides that the Minnesota Occupational Safety and Health Act of 1973 shall apply to working con-

ditions in all places of employment within the state except "working conditions which are under the exclusive jurisdiction of the federal government." This provision recognizes the limitations imposed on state authority by the supremacy clause of the Federal Constitution.

The question presented by this appeal is whether the Railroad Safety Act of 1970, 45 USCA, § 421 et seq., together with regulations promulgated or proposed thereunder, preempts state regulation of working conditions in a railroad maintenance shop. Preemption is a matter of congressional intent, and the courts have developed numerous devices to determine intent where an express declaration is lacking. In the instant case it is unnecessary to speculate. The act specifically provides that a state safety regulation shall remain effective "until such time as the Secretary [of Transportation] has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement." 45 USCA, § 434.[1]

Burlington's first argument is that regulations currently in force cover the same "subject matter" as the state regulations. Pursuant to its statutory authority, the Federal Railroad Administration (FRA) has promulgated various regulations dealing with railroad safety. These regulations are all addressed to hazards involving the movement of trains. While the FRA has broad authority to investigate accidents and has adopted a regulation requiring that a blue signal be placed near any train that is being repaired in order to avoid accidental movement of the train while employees are working on or under it, the FRA has not regulated general aspects of occupational safety and health. The mere fact that FRA regulations in some way affect the safety of railroad employees does not mean that they cover the same "subject matter" and therefore preempt state authority.

---

[1] Burlington has argued that because the state adopted Federal Occupational Safety and Health Administration (OSHA) regulations, it is bound by OSHA's jurisdictional limitation, which is arguably more restrictive. We decline to so hold.

Burlington also argues that by merely proposing more comprehensive regulations the FRA has preempted state jurisdiction. In March 1975, the FRA issued an "advance notice of proposed rulemaking"; in July 1976 it issued a "notice of proposed rulemaking." [2] However, none of these proposed regulations has yet become effective. The language of 45 USCA, § 434, is clear: Until the secretary "adopts" regulations covering the same subject matter, state regulations remain in force. The proposal of regulations is not synonymous with adoption of regulations. Until the FRA has issued final regulations, which have become effective, it has not "adopted" them. [3]

The order of the district court is accordingly affirmed.

Affirmed.

---

[2] 40 Fed. Reg. 10693 (March 7, 1975), 41 Fed. Reg. 29153 (July 15, 1976).

[3] The fourth and fifth circuits have rejected similar arguments in cases involving OSHA's jurisdiction, Southern Railway Co. v. Occupational Safety and Health Review Commission, 539 F. 2d 335 (4 Cir. 1976); Southern Pacific Transportation Co. v. Usery, 539 F. 2d 386 (5 Cir. 1976).